IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MAURO C. PALACIO, #2271249 | § § § | |
| v. | § § | Case No. 6:20-cv-40-JDK-KNM |
| CHAPLAIN GRASTY, et al. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mauro C. Palacio, a prisoner confined at the Ramsey Unit within the Texas Department of Criminal Justice, proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to the Religious Land and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., and 42 U.S.C.§ 1983. The case was referred to United States Magistrate Judge, the Honorable K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for disposition.

On June 11, 2020, Judge Mitchell issued a Report recommending that the Court dismiss Plaintiff's claims against remaining Defendants Grasty and Lilly, with prejudice, for failure to state a claim upon which relief can be granted.[1] Docket No. 11. Plaintiff timely objected. Docket No. 13.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the

---

[1] On June 11, 2020, Judge Mitchell also issued an order properly severing Plaintiff's claims against Defendants Unknown Chaplain, Chaplain Jonah, and M. Lewandowski and transferred the severed case to the Southern District of Texas. Docket No. 10.

1

Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff suggests that the Magistrate Judge's Report addressed only his RLUIPA claims, ignoring his First Amendment claims under § 1983. A review of the Report shows that it fully addressed Plaintiff's First Amendment claims. Docket No. 10 at 5–7. The Court further notes that § 1983 is the vehicle through which First Amendment claims are brought. Therefore, the Magistrate Judge addressed Plaintiff's § 1983 claims through the First Amendment.

Moreover, the Magistrate Judge correctly found that Plaintiff's RLUIPA claims against Defendants Grasty and Lilly failed to state a claim and were mooted by his transfer to a different prison. The Fifth Circuit has held that *Turner's* "rational connection" standard for assessing claims under the First Amendment "provides less protection against prison regulations that impinge on inmates' free exercise of religion than does RLUIPA's more demanding compelling-interest/least restrictive means standard." *Davis v. Davis*, 826 F.3d 258, 265 (5th Cir. 2016); *see also Turner v. Safley*, 482 U.S. 78, 89-91 (1987). As a result, a policy that passes muster under RLUIPA will necessarily satisfy the requirements of the First Amendment. *See Jones v. Shabazz*, 352 F. App'x 910, 915 (5th Cir. 2009) (unpublished). Accordingly, Plaintiff's First Amendment claims are essentially subsumed by RLUIPA, and the Magistrate Judge correctly recommended a dismissal.

Further, Plaintiff's claims about not receiving a Torah at the Gurney Unit or religious services prior to his transfer to a different prison lack merit. Plaintiff's own attachments show that he asked prison officials for a Torah and was told that the unit did not have one and that "no one donates a Torah to us." Docket No. 1, Ex. 1 at 10. Prison officials also explained to him that his prison unit does offer and conduct Sabbath services, and that they were adding him to the "list." *Id.* at 9. The record also includes Plaintiff's Official Lay-In Pass, denoting his Sabbatarian status—effective November 2, 2019. *Id.* at 10. Thus, Plaintiff's own evidence indicates that no prison regulation or Defendant denied him a reasonable opportunity to exercise his religious beliefs. *See Omran v. Metrejean*, 643 F. App'x 339, 340 (5th Cir. 2016) (Mem) (unpublished).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Plaintiff's objections are without merit. The Court therefore **OVERRULES** Plaintiff's objections (Docket No. 13) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 11) as the opinion of the District Court. Plaintiff's claims are hereby **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **12th** day of **January, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE